

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*United States Courthouse*
*1 St. Andrews Plaza*
*New York, New York 10006*

August 11, 2015

**BY EMAIL AND ECF**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10006

      Re:    **United States v. Christopher Perez**,
            14 Cr. 468 (SAS)

Dear Judge Scheindlin:

      The Government respectfully submits this letter in connection with the sentencing of defendant Christopher Perez, which is scheduled for August 14, 2015 at 4:30 p.m. In light of the defendant's longstanding and daily participation in this conspiracy, his criminal history, and his participation in the instant offense while on probation, the Government respectfully submits that the Court should sentence the defendant within the applicable Guidelines range of 57 to 71 months' imprisonment. A Guidelines sentence is entirely appropriate to promote respect for the law, protect the public, and to deter the defendant.

    I.    **Background and Offense Conduct**

      As detailed in the Presentence Investigation Report ("PSR"), the defendants in this case were members and associate of two to related "set" or factions of the Trinitarios Gang ("Trinitarios" or the "Gang"). (PSR ¶ 9). More specifically, the defendants in this case were members and associates of the "18 Treys" and "Greenbridge" sets of the Trinitarios and operated in the vicinity of the Fordham and Kingbridge neighborhoods of the Bronx between at least 2009 and July 2014. (PSR ¶ 8). The defendants sold cocaine, crack, heroin, marijuana, oxycodone and suboxone. (Indictment ¶ 3). In order to protect the drug trafficking operation and members of the Gang, member and associates of the Trinitarios utilized violence, including shootings, against rival gang members. (Indictment ¶ 4).

      On July 15, 2014, a grand jury returned an indictment, which charged the defendant and 19 others with one count of conspiring to distribute more than 5 kilograms of cocaine, more than 280 grams of crack cocaine; more than 1 kilogram of heroin, more than 50 kilograms of

marijuana, and quantities of oxycodone and suboxone, in violation of Title 21, United States Code, Sections 846 841(a)(1) and 841(b)(1)(A), (C), and (E).[1]

## II. Plea Agreement and Criminal History

On April 13, 2014, the defendant pled guilty, pursuant to a Plea Agreement (the "Plea Agreement"), to the lesser included offense of conspiracy to distribute heroin, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C). Because the offense involved 400 to 700 grams of heroin, the Plea Agreement calculated an offense level of 23.

The defendant also had 6 criminal history points, placing him in Criminal History Category III. At offense level 23, and Criminal History Category III, the defendant's Guidelines range is 57 to 71 months' imprisonment.

## III. Perez Should Receive a Guidelines Sentence

The Government respectfully submits that a sentence within the current Guidelines is appropriate for this defendant. The defendant, a member of the Trinitarios, participated in the instant offense over the course of approximately five years, during which time he sold drugs on a virtually daily basis. The defendant was a street level dealer, who sold significant quantities of heroin over the course of the conspiracy. For example, on May 19, 2014, Perez sold 9 glassine bag of heroin to an undercover.

The defendant's participation in the instant offense is part of a pattern of criminal conduct. In addition to his longstanding participation in the instant offense, the defendant has multiple drug convictions and a conviction for sexual misconduct. The defendant's prior convictions for narcotics offenses did nothing to dissuade him from continuing to sell heroin. Indeed, the defendant committed the instant offense while on probation. The defendant argues that he "did not commit the instant offense to further a drug scheme to represent a gang," but did so to support himself and his child and to pay for his drug use. (Def. Ltr. at 3). The defendant was, however, indisputably a member of the Trinitarios, and indeed, at one point sold drugs directly for the leader of the Trinitarios. Moreover, the defendant began selling drugs on a daily basis in approximately 2009 – long before the birth of his child.

In short, a Guidelines sentence of 57 to 71 months' imprisonment is appropriate for this defendant. Such a sentence is reflective of the seriousness of his criminal conduct, would also help protect the public from the sort of serious criminal behavior in which the defendant was involved, and would deter a defendant whose multiple prior convictions have failed to deter him from continuing to engage in criminal conduct.

---

[1] In addition, some defendants were charged with possessing firearms in furtherance of the narcotics conspiracy.

Hon. Shira A. Scheindlin
July 14, 2015
Page 3 of 4

### IV.     Conclusion

For the foregoing reasons, the Government respectfully submits that the Court impose a sentence within the Sentencing Guidelines range of 57 to 71 months, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                                Respectfully submitted,

                                                PREET BHARARA
                                                United States Attorney


By: _____/s/_____
        Rebecca Mermelstein
        Justina Geraci
        Rachel Maimin
        Assistant United States Attorneys
        Southern District of New York
        (212) 637-2360/2468/2460

cc: Louis Fasulo, Esq.